## Peeling *versus* The County of York.

1. The Act of April 10th, 1873, P. L.; 666, empowers the Court of Quarter Sessions of the Peace of York county to fix the compensation to be paid to the sheriff for boarding prisoners in the county jail. Under this Act the Court may make an order fixing the compensation of the sheriff for the past and for the future at different rates, and where no compensation had been fixed when the term of the sheriff commenced, such an order is not in conflict with Article III. section 13 of the Constitution.

2. The compensation ordered, by authority of law, to be paid to the sheriff for the board of prisoners in the county jail is an emolument of his office, within Article III., section 13 of the Constitution.

3. Apple *v.* County of Crawford, 9 Out., 300, followed.

May 20th, 1886.    Before MERCUR, C. J., GORDON, PAXSON, STERRETT and GREEN, JJ.    TRUNKEY and CLARK, JJ., absent.

ERROR to the Court of Common Pleas of *York county :*  Of July Term, 1885, No. 86.

This was an action of assumpsit wherein James Peeling was plaintiff and the county of York was defendant.   The following case stated was filed and submitted to the Court:

Case stated as if found by a special verdict, and to be subject to a writ of error by either party without bail or recognizance.

The plaintiff, James Peeling, was duly elected sheriff of York county on the 6th day of November, A. D. 1877, and was duly qualified and commissioned, and entered upon the duties of his office on the first Monday of January, 1878, and continued in office, and the performance of his duties, during the years 1878, 1879 and 1880, the full term for which he was elected.

. One of the official duties of his office was to board the prisoners of the county, for which he was entitled to be paid by the county.

That on the 2d day of March, A. D. 1878, in pursuance of the Act of Assembly of April 10th, 1873, Michael Stambaugh, the predecessor of the plaintiff in the office of sheriff of the county, presented his petition to the Court of Quarter Sessions of the Peace of said county, setting forth, among other things: " That his term of office expired on the first Monday of January, A. D. 1878; that in accordance with his duties he boarded all and every of the prisoners committed to the jail of said county during his said official term in accordance with the requirements of the laws with regard to such

[Peeling v. The County of York.]

duty, that he has not had any settlement with the officials of said county for the boarding of said prisoners, whose duty it is to allow and pay him for such boarding. That no rate of compensation has been fixed by the proper tribunal to be allowed to your petitioner for boarding said prisoners in said jail," and prayed the Court to fix the compensation to be paid to your petitioner for the boarding of each prisoner at the jail as aforesaid. Whereupon the said Court made the following order, namely: "And now, to wit, March 2d, A. D. 1878, we fix the allowance prayed for at thirty-five cents per diem."

That on the 8th day of January, A. D. 1879, the Commissioners of York county presented their petition to the said Court of Quarter Sessions of the Peace praying among other things, " That they are informed and believe that the Court of Quarter Sessions of the Peace of York county shall have the power to increase or decrease, from time to time, the compensation of the sheriff of said county for boarding prisoners in the county jail, and fix the sum at any amount which said Court may think reasonable and just, and that it shall be the duty of your petitioners as county commissioners of said county to pay to the sheriff the amount so fixed by said court.

Your petitioners, that they may know the better how to arrange financial matters to meet the necessary and lawful expenditures in conducting the business of their said office, pray your said honors to fix the compensation of the sheriff as aforesaid, at as early a day as possible and convenient for your honors, and would respectfully recommend to your honors, in view of the great reduction in the price of all kinds of produce, &c., &c., that your honors fix the compensation of the present sheriff for boarding prisoners for the year 1878 and 1879 at twenty-five cents per diem for each prisoner."

Whereupon the Court made the following order, namely :

" And now, to wit, January twenty-third, A. D. 1879, the court fix the compensation of James Peeling, Esq., sheriff of York county, for boarding prisoners, at thirty-five cents each per diem for the year 1878; and twenty-five cents each per diem for the year 1879, as prayed for."

That upon an account stated by the said plaintiff, he was on the 6th day of January, A. D. 1879, paid by the county defendant, thirty-five cents per diem for each and every prisoner boarded by him from the commencement of his term of office to the above date.

That in pursuance of the order of court made the 8th day of January, 1879, accounts giving the number of days of each prisoner boarded, and the price per day as fixed by the Court were presented by the plaintiff to the defendant, and he received twenty-five cents per diem for each and every prisoner

boarded by him for the year 1879, and in accordance with similar accounts presented by the plaintiff against the county defendant, he received from the county defendant twenty-five cents per diem for each and every prisoner boarded by him for the year ending January 2d, 1881, being the end of his term of office.

That said James Peeling gave a receipt in full for his fees for boarding prisoners up to January 6th, 1879, but has not given receipts in full for boarding prisoners during the years 1879 and 1880.

The principal question arising is whether or not, where it is the duty of the sheriff to board prisoners in the county jail, the compensation for his services is an emolument within the meaning of the third article and thirteenth section of the constitution of Pennsylvania, and whether the compensation for said boarding was diminished after his election and during his term of office. If the plaintiff was entitled to receive thirty-five cents per diem for boarding each prisoner during the years 1879 and 1880, then there was due the said plaintiff on the first day of January, 1880, the sum of four thousand eight hundred and eighteen dollars and twenty cents ($4,818.20), in addition to the amount he received for boarding prisoners during the year 1879, and the further sum of eight hundred and eighty dollars was due said plaintiff on the 2d day of January, 1881, for boarding prisoners during the year 1880 in addition to the amount received.

If the Court should be of opinion that the plaintiff was entitled to receive the sum of thirty-five cents per day for boarding each prisoner during the years 1879 and 1880, being the amount received by him for and during the first year of his term, and subsequently fixed by the Court, then judgment to be entered for the plaintiff for the sum of five thousand nine hundred and eighty-seven dollars and twenty-nine cents, with interest thereon from the first day of January, 1881, with costs.

If plaintiff was not legally entitled to receive more than twenty-five cents per day for boarding prisoners during the years 1879 and 1880, then judgment for defendant for costs.

The following is the Act of April 10th, 1873, P. L., 666 :

That the Court of Quarter Sessions of the Peace of the counties of Mifflin and York shall have the power to increase or decrease, from time to time, the compensations of the sheriffs of said counties, for boarding prisoners in the county jail, and fix the sum at any amount which said Court may think reasonable and just, and it shall be the duty of the county commissioners of said counties to pay to the sheriff, coroner or jailer the amount so fixed by said Court."

The Court, WICKES, J., entered judgment for the defendant on the case stated, filing the following opinion:

It is not pretended that at the time the plaintiff was elected or commissioned sheriff of York county, any compensation had been fixed, which he was to receive for boarding prisoners in the county jail.

It is in this particular the case in hand differs essentially from Apple v. Crawford County, 14 W. N. C., 322, cited and relied upon to sustain the plaintiff's claim.

In that case the Supreme Court held that a sheriff's compensation for this service, was an emolument of his office, and that being " definitely fixed by law at the time of his election," could not, under Article III., section 13, of the state constitution, be increased or diminished during his term of office. This is the extent to which that case goes, and it does not, in our view, affect the question presented under the entirely different facts of the case at bar.

The Act of April 10th, 1873, P. L., 666, gives the Court of Quarter Sessions of this county the power to fix the compensation the sheriff shall receive for boarding prisoners, and further provides that the Court shall have power to increase or diminish the same from time to time. Assuming the constitutional provision takes away the right to vary the amount fixed at the time the sheriff assumes his office, the power nevertheless resides in the Court to determine in the first instance what the compensation shall be. This had not been done at the time the plaintiff was elected, or at the time he entered upon the discharge of his duties.

He assumed these duties on the first Monday of January, 1878. In March, 1878, his predecessor in office, applied to the Court to fix his compensation for boarding prisoners during his term, in order that he might have a settlement for that service with the county. And the Court, by order of March 2d, 1878, fixed " the allowance prayed for at thirty-five cents per diem." It is obvious, that at that time the compensation of the newly elected and commissioned sheriff had not been fixed and was not embraced in that order.

On the 8th of January, 1879, the county commissioners applied to the Court to fix the compensation of the plaintiff for boarding prisoners, and as the price of commodities had declined materially in value, prayed that it be fixed at twenty-five cents per diem. On January 23d, 1879, the Court ordered that the sheriff be paid thirty-five cents per diem for 1878, and twenty-five cents per diem for 1879, and under this order the sheriff presented his bill and was paid without objection or protest at that time.

The question is not, therefore, whether the compensation

[Peeling v. The County of York.]

fixed by law at the time the sheriff was elected, can afterwards be increased or diminished during his term—for it is manifest that no compensation had then been fixed at all. But it is rather, whether at the time of determining how much he shall receive for this service, the power fixing, whether legislative or judicial, can in one and the same order fix one amount for the first year and a different amount for the succeeding years. And this question is certainly not decided by Apple *v.* Crawford County.

If the Act of 1867, under which the sheriff claims in that case, had fixed a certain rate of compensation for the first year of the sheriff's term, and a different rate for the second, it will scarcely be argued that having taken his office with such a provision in force, he could afterwards recover a larger rate for his term of office.

We do not see why the order of this Court made January 23d, 1879, should stand upon a different footing. This method of fixing the sheriff's compensation for boarding prisoners was known to the plaintiff when he was elected—and it is to be presumed he knew—certainly he could readily have ascertained that no compensation covering either his official term or that of his predecessor had then been determined. He took his office subject to the power of the Court to say what sum of money he should receive for this service, and I can conceive of no legal reason why the order of the Court was not just as binding upon him and the county, as if it had been made prior to his election. We therefore enter judgment for the defendant in the case stated.

The plaintiff thereupon took this writ, assigning for error the entering of judgment for the defendant.

*V. K. Keesey* (*Horace Keesey* with him), for plaintiff in error.—1. The compensation received by the sheriff for boarding the prisoners of a county is an emolument of his office: Apple *v.* County of Crawford, 14 W. N. C., 322.

It is within the meaning of Art. III., § 13 of the Constitution and can not be increased or diminished after his election.

2. The compensation for boarding the prisoners of the county was diminished after the election of Peeling.

The compensation fixed by the court, for the term preceding that of Peeling, was thirty-five cents per day.

More than one year after Peeling entered upon the discharge of the duties of his office this compensation was decreased.

The law does not require the compensation to be fixed for each succeeding sheriff.

Can it be that an order of court, made by virtue of the Act

of 1873, does not continue in force until it is rescinded or altered? This cannot be done, so as to increase or decrease the amount allowed after the election or during the term of office of the sheriff. Did not the order made March the 2d 1878 fixing the amount of compensation for boarding prisoners in the county jail apply to James Peeling, who was then sheriff, and had been sheriff for about two months, especially as it was the same amount paid for similar services, before, at the time of, and since his election, and also the same amount paid to him during the first year of his term? Would it not be in violation of sec. 13 of Article III. of the Constitution to fix any other amount?

*Levi Maish* (*J. R. Strawbridge* with him), for defendant in error.—The contention is that the said order of Court decreased Peeling's compensation after his election. But to establish this it seems to us that it must be shown that there was a rate fixed before the election. The case stated, however, expressly shows that at the time of Peeling's election no rate was fixed. No rate having been fixed, how could it be decreased?

The court is, therefore, asked to hold that because the rate was fixed subsequently to the election of Peeling at a higher sum for a prior term than the rate fixed for him, his compensation was decreased after his election.

We think this would be reducing Constitutional construction to extreme liberality. When Peeling entered the lists as a candidate for sheriff, he took his chances, and we suppose he knew no more about the future action of the court in relation to the compensation of Sheriff Stamaugh for boarding prisoners, than he did about the number of persons upon whose misfortunes his emoluments or fees were contingent. How, therefore, could it have formed any inducement to his acceptance of the office?

The court is asked in the concluding paragraph of the plaintiff's arguments "Would it not be a violation of sec. 13 Art. III. of the Constitution to fix any other amount than was paid for similar services before, at the time of, and since his election, and also the same amount paid to him during the first year of his term?

This is perhaps not the whole question asked, but as it is the part put in emphasis, we imagine it is the part upon which the greatest stress is placed. We answer that the value of the services is made wholly a matter of discretion with the court by the Act of April 10th, 1873, and the fact that different sums were fixed by the court for similar services does not touch the Constitutional question raised in the case. We say

that if the court had, independent of the Stamaugh order, and prior to the election of Peeling, made an order such as was made on January 23d, 1879, fixing the sheriff's compensation, no question could successfully have been raised as to its constitutionality, because different amounts were fixed for similar services. The statement of the commissioners that provisions had greatly fallen in price furnishes the best possible reason for the court's action in that regard.

The learned judge below in his opinion pointed out the difference between the case at bar and the case of Apple *v.* The County of Crawford, 14 W. N. C., 322, on which the plaintiff relies.

Certainly the case of Apple *v.* The County of Crawford does not sustain the narrow view of the plaintiff's attorney. The very gist of that case is that, having held that the sheriff's compensation for boarding prisoners is an "emolument," the reduction of the rate after his election by an Act of Assembly, which rate had been fixed by law prior to his election, was a violation of the Constitution. As the Court in that case say, "the plaintiff was entitled to a continuance of the same compensation which he agreed to receive by accepting the office of sheriff as it was fixed by law at the time of his election." But in the case at bar no rate was fixed prior to the election of Peeling, and hence there could have been no "continuance of the same compensation."

Mr. Chief Justice MERCUR delivered the opinion of the court, May 31st, 1886.

This contention arises under the Act of 10th April, 1873, P. L. 666, modified by section 13, Article III. of the Constitution of 1874. The latter declares "no law shall extend the term of any public officer or increase or diminish his salary or emoluments after his election or appointment."

The compensation ordered, by authority of law, to be paid to the sheriff, for the board of prisoners in the county jail, is an emolument of his office within the section of the Constitution cited: Apple *v.* County of Crawford, 105 Pa. St., 300.

The difficulty of the plaintiff in successfully invoking the aid of this section to sustain his contention arises from the fact that there was not any fixed compensation for such an emolument applicable to his office, when he entered on the term thereof.

It appears that his predecessor served an entire term without any rate of compensation having been fixed, or existed, applicable to his term. Two months after the expiration of his term, on his application, for the purpose of enabling him to settle with the county for the boarding of prisoners, the

Court fixed the compensation to be paid to him for a claim arising during his term.

This order was one of doubtful authority, even between the former sheriff and the county. It was, however, limited in its application to the payment for past services, to one whose term of office had expired. Although made after the term of the plaintiff had commenced, yet it did not apply to him nor to the office of sheriff generally. No compensation had been fixed when the term of his office commenced. The only order applicable to the plaintiff is the one made on the 23d January, 1879. Although this fixes one per diem for 1878 and another for 1879, yet it is by virtue of an order made at one time, and soon after the plaintiff had entered upon the second year of his term. He took the office subject to the power of the Court to fix his compensation for this service. It made but one order designating the sum he should be paid. He cannot accept one part and repudiate the other part. It is of binding force in its entirety. It follows that the judgment entered on the case stated is correct.

Judgment affirmed.