**THOMAS et al. v. ABERNATHY COUNTY LINE INDEPENDENT SCHOOL DIST. et al.  (No. 2590.)**[*]

(Court of Civil Appeals of Texas. Amarillo. Dec. 2, 1925. Rehearing Denied Jan. 6, 1926.)

**1. Injunction ☞144—Court may consider proceedings, relative to bond election attached to petition for order restraining issuing and selling of bonds.**

Court, refusing to grant temporary order restraining trustees of school district from issuing and selling bonds, was authorized to consider proceedings of board of trustees relative to bond election, which was attached to a petition in determining sufficiency of petition.

**2. Officers ☞55(2)—School trustee, who receives no pay, held not to hold "civil office of emolument" within inhibition against more than one office; "emolument."**

The word "emolument," in Const. art. 16, § 40, forbidding any person to hold more than one civil office of emolument, means pecuniary profit, gain, or advantage, and school trustee, who receives no pay, though a "public officer" does not hold "civil office of emolument," and hence does not vacate office by accepting position of alderman.

[Ed. Note—For other definitions, see Words and Phrases, First and Second Series, Civil Office; Emolument.]

Appeal from District Court, Hale County; R. C. Joiner, Judge.

Application for injunction by J. M. Thomas and others against the Abernathy County Line Independent School District, E. B. Lindsay, and others as acting trustees. From a judgment denying the relief, plaintiffs appeal. Affirmed.

M. J. Baird, of Plainview, for appellants.
Williams & Martin, of Plainview, for appellees.

JACKSON, J. J. M. Thomas, Mitchell Thomas, Bill Riley, Fred Sengirob, and Randall Hagan applied to the district judge of Hale county for an injunction temporarily restraining the Abernathy county line independent school district and its acting trus-

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error granted February 24, 1926.

tees, E. B. Lindsay, Sam W. Smith, W. J. Thomas, F. W. Struve, C. E. Donnell, George Ragland, and G. D. Adkinson from issuing and selling bonds of said district in the sum of $50,000, and levying a tax for the payment of the annual interest on said bonds, and the discharge thereof at maturity.

The application for the restraining order was presented to the judge in vacation, and he denied the relief sought, and the plaintiffs, hereinafter called appellants, appeal to this court to review the action of the trial court in refusing to grant the relief.

Appellants allege: That they are property tax payers in the Abernathy county line independent school district, hereinafter called the school district, and that the school district was created by a special act of the Legislature of the state of Texas. That the other named defendants are purporting to act as a "board of trustees for said school district"; that the town of Abernathy is incorporated under the laws of Texas. That in April, 1924, Sam W. Smith and E. B. Lindsay were elected and qualified to serve as members of the board of trustees of the school district, and in September, 1924, having theretofore been elected as aldermen of the town of Abernathy, Tex., they took the oath of office and qualified as such aldermen of the town of Abernathy, since which date they have continued to act as members of the board of trustees of the district and as aldermen of the town of Abernathy. That, by accepting and qualifying as aldermen, they vacated their offices as school trustees of the school district, and that their acts as such school trustees were void. That E. B. Lindsay is purporting to act as president of the school board and to sign officially all orders and minutes and official acts of said board. That on June 9, 1925, the board of trustees, acting with Sam W. Smith and E. B. Lindsay, heard the petition for the tax bond election, and took action thereon without having as many as four duly qualified members of the board of trustees present. That at the date action was taken ordering the election there was present F. W. Sturve, George Ragland, and G. D. Adkinson, and no other members of said board were present. That on the 13th of July, 1925, another meeting was held by the board of trustees, at which there was present W. J. Thomas, F. W. Struve, G. D. Adkinson, and no others, at which meeting the result of said election was declared, and at which meeting E. B. Lindsay purported to act as president of the board. That on July 17, 1925, the board of trustees, by W. J. Thomas, George Ragland, F. W. Struve, G. D. Adkinson, and C. E. Donnell were present, all of the duly, legally, and qualified members of the board. The question as to whether or not said district, acting by its trustees, would issue the bonds and levy a sufficient tax to provide a sinking fund and to pay their interest thereon came up for consideration, and the board thus composed voted to issue the bonds and levy the tax. That E. B. Lindsay purported to act as president of the board of trustees at said meeting, and G. D. Adkinson and W. J. Thomas did not vote. That the said board of trustees, composed as above alleged, are now taking such action as is necessary to put the bonds in circulation and levy the tax in support thereof, and the tax will be a lien on the lands of appellants and the remainder of the property in the district, and that the defendants are proceeding to secure the approval of the bonds by the Attorney General without advising him of their illegality, and that said board has announced that said bonds will be sold July 25, 1925, at 8 o'clock p. m. That the proceedings for the election for the bond issue and the levy of the tax is illegal and void.

Appellants attach to their petition a certified copy of the proceedings of the board of trustees relative to the election and the order to issue the bonds, mark it Exhibit A for identification, make it a part of their petition, and refer to it in confirmation of their allegations. This exhibit discloses a proper petition to the school board, requesting the election, the order therefor, the notice given thereof, and the returns made by the election officers. The order declaring the result was had at a meeting of the board of trustees on July 17, 1925, which discloses present at said meeting seven members of the board. This order shows that on June 9, 1925, on a petition signed by the requisite number of resident, qualified property taxpaying voters, and presented to the board of trustees, the election was ordered, and was legally held on July 11, 1925; that 141 votes were cast for the issuance of the bonds and the levy of the tax, and 56 votes were cast against it, and gives a complete record of the proceedings had to determine whether or not the trustees should issue bonds and levy a tax to pay the annual interest thereon and discharge the bonds at maturity.

The only complaint made by appellants is that E. B. Lindsay and Sam W. Smith, who were in April elected as members of the school board, and who qualified and acted as trustees of the school district, were thereafter elected as aldermen of the town of Abernathy and qualified as such aldermen, thereby vacating their respective offices as school trustees, and that their participation in the orders relative to the election for the issuance of bonds and the order for the sale of the bonds was illegal, and, as a result thereof, the election was illegal and the bonds void.

Exhibit A fails to disclose that fewer than four qualified members of the board were present at any meeting of the trustees, and fails to show how any trustee voted on any of the orders, but indicates a full attendance at each meeting and a unanimous action by the trustees.

[1] The court, in refusing to grant the temporary restraining order on appellant's petition, to which was attached the proceedings of the board of trustees relative to the election as Exhibit A, was authorized to consider such proceedings in determining the sufficiency of appellant's petition. Abilene Independent T. & T. Co. v. Southwestern T. & T. Co. (Tex. Civ. App.) 185 S. W. 356; Rowles v. Hadden (Tex. Civ. App.) 210 S. W. 251; Freiberg, Kline & Co. v. Magale, 70 Tex. 118, 7 S. W. 684.

[2] Article 16, § 40, of the Constitution of this state, reads:

"No person shall hold or exercise, at the same time, more than one civil office of emolument, except that of justice of peace, county commissioner, notary public and postmaster, unless otherwise specially provided herein."

A school trustee is a public officer. Kimbrough v. Barnett, 93 Tex. 301, 55 S. W. 120; Hendricks v. State, 20 Tex. Civ. App. 178, 49 S. W. 705. It does not follow from this, however, that a school trustee holds a "civil office of emolument." Bouvier's Law Dictionary defines emolument as—

"The profit arising from office or employment; that which is received as compensation for services or which is annexed to the possession of office as a salary, fees and perquisites; advantage, gain, public or private. It imports any perquisite, advantage, profit or gain arising from the possession of an office," citing Apple v. Crawford County, 105 Pa. 303, 51 Am. Rep. 205; Peeling v. County of York, 113 Pa. 108, 5 A. 67.

For additional authorities, see 29 Cyc. p. 1428; Scharrenbroich v. Lewis, etc., Clark County, 33 Mont. 250, 83 P. 482.

"An office cannot be said to be one of profit when those appointed thereto are not entitled to any pay nor to any perquisites or emoluments." 22 R. C. L. p. 383.

In Reals, County Treasurer, v. Smith, 8 Wyo. 159, 56 P. 690, the Supreme Court of Wyoming says:

"The gain, profit, or advantage which is contemplated in the definition or significance of the word 'emolument,' as applied to officers—at least as the word is employed in the constitutional provision aforesaid—clearly comprehends, we think, a gain, profit, or advantage which is pecuniary in character."

In Hoyt v. United States, 10 How. 109, 13 L. Ed. 359, Justice Nelson of the Supreme Court defines the term "emoluments" as "embracing every species of comprehension or pecuniary profit derived from a discharge of the duties of the office."

The word "emolument," in the constitutional provision above quoted, forbidding any person to hold "more than one civil office of emolument," manifestly, we think, should be interpreted to mean a pecuniary profit, gain, or advantage; and therefore a school trustee who receives no pay, compensation, or pecuniary gain for his services does not hold a civil office of emolument such as is inhibited by the Constitution, and, hence, accepting the position of alderman would not vacate the office of school trustee and render his action as such school trustee void.

The judgment is affirmed.