## Davis v. Lawrence County.

*Public officers—Compensation — Salary of county commissioners — Directors of the poor—Poor law—Constitutional law—Section 13 of article iii of the Constitution of Pennsylvania—Acts of June 7, 1917, and May 12, 1921, construed.*

1. When a county poor district is established under the provisions of the Act of May 12, 1921, P. L. 538, the county commissioners become directors of the poor.

2. When the duties of director of the poor are added to the duties of county commissioner under the provisions of the Act of May 12, 1921, P. L. 538, the county commissioner so affected is entitled to the salary provided by the Act of June 7, 1917, P. L. 570, in cases where such county commissioner is also director of the poor.

3. Article iii of section 13 of the Constitution does not prevent a constitutional officer from receiving additional compensation during his term of office for duties imposed upon him after assuming the office which are not germane to the original office, if a statute, in force when he was elected, provides for it.

4. The office of director of the poor in a county of the sixth class, established under the provisions of the Act of May 12, 1921, P. L. 538, is a separate public office, though its functions are performed by the county commissioners.

Rule for judgment for want of sufficient affidavit of defence on an issue framed in an appeal by a county commissioner from the report of the county auditors refusing to allow certain salaries, wherein the court, in framing the

issue, directed that the county be represented by the county auditors. C. P. Lawrence Co., Sept. T., 1926, No. 128.

*William McElwee, Jr.,* for plaintiff; *Orville Brown,* for defendant.

HILDEBRAND, P. J., Nov. 9, 1926.—The plaintiff seeks to recover from the County of Lawrence $650 as an unpaid balance due him on account of his salary as county commissioner, he being also a director of the poor. An affidavit of defence has been filed admitting all the facts set forth in the statement of claim, and the plaintiff has moved for judgment for want of a sufficient affidavit of defence.

Francis M. Davis has been a County Commissioner of Lawrence County since the first Monday of January, 1924. Lawrence County has a population of more than 75,000 and less than 100,000 by the U. S. Census of 1920; and is a county of the sixth class.

The question of the establishment of a county poor district was submitted to the electors of the county on Nov. 4, 1924, and a majority of the persons voting having favored such establishment, by resolution on Nov. 29, 1924, the board of county commissioners of said county established the County Poor District of the County of Lawrence. The said poor district began to function on Dec. 1, 1924, and the county commissioners, one of whom was the plaintiff, acted as directors of the poor and performed the duties of that office from Dec. 1, 1924, to Jan. 1, 1926.

The Act of Assembly approved June 7, 1917, P. L. 570, fixed the salaries of county commissioners in counties having a population of between 75,000 and 100,000 at $2000, and, where such county commissioners are also directors of the poor, at $2600. Plaintiff had received a salary at the rate of $2000 per year, and claims in this action the additional salary allowed him as director of the poor, said additional salary amounting to $650. The plaintiff was elected to office in November, 1923, and took up his duties as county commissioner the first Monday of January, 1924. During his term of office in November, 1924, a poor district was established under and by virtue of the Act of May 12, 1921, P. L. 538. The salary claimed is by virtue of the Act of June 7, 1917, P. L. 570.

Before filing the present affidavit of defence, which admits all the facts in the statement of claim, the defendant county, by its auditors, filed an affidavit of defence raising questions of law in lieu of demurrer, averring that there is no such office in the County of Lawrence as director of the poor, and that the compensation for which the suit is brought would be additional compensation as county commissioner, and that the salary of the county commissioner could not be increased or diminished after his election, that being contrary to section 13, article III, of the Constitution of Pennsylvania.

In Tucker's Appeal, 271 Pa. 462, where a similar question was involved relating to salaries of county commissioners in Tioga County, the Supreme Court said: "The two offices have separate and distinct responsibility, each involving a considerable amount of work, according to the population of the county; they are each regarded as separate entities, with separate powers and duties fixed by statute." This language of the Supreme Court, we think, disposes of defendant's contention that the office of director of the poor is or is not a separate public office. However, plaintiff's claim does not, in our opinion, depend upon whether or not the office of director of the poor is a separate and distinct office from that of county commissioner, as, in our opinion, the Constitution does not forbid the additional compensation in such a situation as is here shown.

It is to be noted that the Constitution does not say that the salary or emoluments of a public officer shall be exactly the same for every year of his term. In Peeling v. York County, 113 Pa. 108, where the court was authorized by act of assembly to fix certain emoluments of the sheriff of that county, and an order was made, subsequent to the sheriff taking office, fixing one *per diem* rate for one year and another for the succeeding year, it was held that the sheriff took the office subject to the power of the court to fix his compensation for the service. In this connection, it may be noted that the plaintiff in this case took his office subject to the power of the people to increase his compensation by creating an office, the duties of which he was bound to perform by virtue of his office as county commissioner and the compensation for which had been previously fixed by statute.

In Cornman v. Hagginbotham, 227 Pa. 549, certain duties and the compensation allowed therefor were taken away from an officer, thus diminishing his salary. This the Supreme Court held to be no violation of the constitutional provision. Changes in salary during the term of office by a city ordinance, borough ordinance, resolution of the board of county commissioners and by action of the court have been held not to come within the constitutional prohibition: Baldwin v. Philadelphia, 99 Pa. 164; Davis v. Homestead Borough, 47 Pa. Superior Ct. 444; County of Crawford v. Nash, 99 Pa. 253; McCormick v. Fayette County, 150 Pa. 190. The change by law prohibited is a change by act of assembly.

There has been no change in the law since the plaintiff took office. It is not the law which has increased the compensation of the commissioners, but it is the vote of the people establishing the poor district. New responsibilities have been placed upon plaintiff by the vote of the people. Plaintiff is claiming in this action the compensation provided by law and asking compensation for those new responsibilities under and by virtue of a law passed several years prior to his taking office. It would seem reasonable that where new duties are imposed on a public officer which are not within the scope of his office and extra compensation is provided therefor, that such increase in compensation should not be regarded as within the constitutional provision prohibiting any increase in compensation of an officer during his term of office, and that to impose new labors without providing compensation therefor would be within the prohibition of the constitutional provision.

In Shiffert v. Montgomery County, 5 Dist. R. 570, the court said: "This raises the question as to whether a public officer from whom new duties are exacted after his election is entitled to pay therefor, the act defining the duty and also providing compensation. We cannot see how this violates the constitutional provision against increasing the salary or emoluments of office. We think this was only intended to apply to the salary and emoluments to which the officer was entitled for the services required of him when he was elected or assumed the office."

In the Board of County Commissioners v. Collins, 28 Pac. Repr. 175, it appeared that the legislature of Kansas had imposed new duties upon probate judges and added additional compensation for the same. The validity of this statute was attacked on constitutional grounds very similar to those raised in the present case. The Supreme Court of Kansas said: "If the legislature has power to add to the duties of the office, it follows that it has the power to provide compensation for the performance of the additional duties, the constitutional provision only fixing compensation for the class of duties therein enumerated."

Davis v. Lawrence County.

In San Luis Obispo County v. Felts, 37 Pac. Repr. 780, 782, the Supreme Court of California held that when a new duty was imposed upon an officer and additional compensation added for this new duty, it would not be a violation of the constitutional provisions, which are similar to those in Pennsylvania, using these words: "The rule is the same, first and last, i. e., a certain sum for a certain service; . . . the very rule which it was the design of the Constitution to establish."

In State ex rel. McPherren v. Carter, 215 Pac. Repr. 477, the Supreme Court of Wyoming passed on a mandamus case somewhat similar to the present case, quoted with approval the case of Nichols v. State, 32 S. W. Repr. 452, wherein the Supreme Court of Texas said: "For a provision of this kind evidently means that, when compensation is agreed upon or fixed for certain service, no extra compensation will be allowed for the same service, and that it was not intended to embrace claims that arise out of extra service. If extra service was rendered by virtue of the proper authority, compensation could be made therefor." The Supreme Court of Wyoming made use of this language: "The principle underlying this decision is that no appropriation may be made as extra compensation for the performance of a duty to which a person was previously legally obligated, but, unless such legal obligation in fact existed, extra compensation is not forbidden under the constitutional provision discussed in that case. Whatever legal duties are connected with the office must, no doubt, be performed for the emoluments previously fixed."

In Lewis v. James, 231 S. W. Repr. 526, the Court of Appeals of Kentucky held that additional duties might be imposed upon an officer without additional compensation, but that the question as to whether or not such officer was entitled to additional compensation depended upon whether or not any act of assembly provided for such additional compensation, the court saying: "Hence, although chapter 90, supra, requires the plaintiffs, as a duty of their respective offices, to collect the license taxes therein provided for and to pay over the same to the state, their right to have and retain a commission of 5 per centum or any other sum would depend entirely upon whether authority for such action can be found in the statutes of the state now existing."

In State ex rel. Harvey v. Sheehan, 190 S. W. Repr. 864, the Supreme Court of Missouri held, and cited numerous authorities to sustain the position, that when an act of assembly added duties and merely provided a compensation for the same, it was not a violation of the Constitution.

In Com. v. Kromer, 4 Pa. C. C. Reps. 241, it was held that an act of assembly imposing new duties upon public officers after their election without providing compensation therefor is, so far as such officers are concerned, unconstitutional under article III, section 13, of the Constitution of the State.

At the time plaintiff assumed office, the law fixed his salary at $2000 as county commissioner. The same law fixed his salary at $2600, providing the county commissioners were also directors of the poor. As the law stood at the time of plaintiff assuming office, the establishment of a county poor district was within the power of the electorate. While plaintiff assumed the office of commissioner at $2000, he took the office subject to the right of the people of the county to impose additional duties as director of the poor, but with the addiditional duties went the increased compensation.

On the reasoning of the cases cited, we conclude that the 13th section of article III of the Constitution does not cover the present situation so as to prohibit plaintiff's recovery in this action, and that on the admitted facts the plaintiff is entitled to judgment for the amount of his claim.

Davis v. Lawrence County.

Now, Nov. 9, 1926, the rule issued Oct. 22, 1926, to show cause why motion for judgment for want of sufficient affidavit of defence should not be granted is made absolute, and judgment is directed to be entered in favor of the plaintiff and against defendant for $650.

From William McElwee, Jr., New Castle, Pa.