## Pritchard's Petition

*J. G. Berry*, for petitioner.

*William McElwee, Jr.*, county solicitor, for county commissioners.

CHAMBERS, P. J., June 12, 1937.—This matter comes before the court on petition of Edward D. Pritchard, Sheriff of Lawrence County, praying the court to approve itemized bills attached to said petition, aggregating the sum of $2,886.20, alleged to have been expended in the care and maintenance of prisoners in the county jail. To this petition the county commissioners filed an answer denying the right of the court to grant the prayer of the petition and requesting the court to fix an allowance on a per diem basis. On the petition and answer filed the

matter came before the court for argument and on April 15, 1937, we filed an opinion and order and in that opinion indicated that, under the Act of June 1, 1933, P. L. 1141, the court might fix a certain allowance for the custody, care, and maintenance of prisoners in the county jail on a per diem basis, or it might approve itemized bills, but the per diem allowance could only apply to future custody, care and maintenance, and not to past maintenance. We held further, however, that in approval of bills we would have to have such facts before us as would enable us to pass upon the matter intelligently, and made the following order:

"Now April 15, 1937, in accordance with the opinion this day filed, it is ordered and directed that this matter come before the court for further hearing and the taking of testimony at such time as may be fixed by agreement of the parties or order of court, unless, by proper amendment of the pleadings, no questions of fact be in dispute, to the end that the court may determine the proper allowance to be made for the custody, care and maintenance of the prisoners by the sheriff in the county jail."

The matter then came on for hearing and testimony. was taken. Evidence was produced showing the cost to the sheriff of the food of the prisoners from December 1, 1935, to March 1, 1937. Evidence was also produced showing the daily population of the jail. In addition to the items for food, there were included in the bills attached to the petition some charges for furnishings in the jail, such as blankets and cots, which, the commissioners contend, if an allowance be made on the basis of bills rendered, should not be included.

In our former opinion we indicated that the most satisfactory way to handle this matter would be upon a per diem basis, but that this could not be made retroactive. At the argument held after the testimony had been taken, counsel for the commissioners convinced us that this was not the case, citing as authority therefor the action of this court at no. 24, May sessions, 1866, in which an order of

allowance was made to present and late sheriffs of Lawrence County for the support and maintenance of prisoners in jail, as follows:

"For the year 1862 the sum of $.30 per day for each prisoner. For the year 1863, $.35 per day. For the year 1864 $.50 per day. For the year 1865, $.50 per day. For the year 1866 the sum of $.50 per day."

And as a further authority, the case of Peeling v. The County of York, 113 Pa. 108, in which case the court, on January 23, 1879, fixed the compensation of the sheriff for boarding prisoners on a per diem basis for the year 1878 and the year 1879, and the syllabus of the case states that: ". . . the Court may make an order fixing the compensation of the sheriff for the past and for the future at different rates". We deem this ample authority for the court in this instance fixing an allowance for the sheriff on a per diem basis, and this we are disposed to do.

When the matter was before us before we feel that we placed too much importance on the Act of May 11, 1925, P. L. 559, which placed sheriffs in counties of the sixth class on a salary basis, and stated:

"The sheriff in said counties shall not be entitled to any additional fees or compensation for the care and maintenance of prisoners, but the actual expense for such care and maintenance of prisoners shall be paid by the county from the county treasury upon itemized bills rendered from time to time."

It seemed to us then that any allowance that we would make on a per diem basis ought not to be such an amount as would any more than cover the cost of the food, and that the entire compensation of the sheriff should be the salary received.

A further study of the Act of June 1, 1933, P. L. 1141, convinces us that we were in error in this conclusion. That part of the act applicable reads as follows:

"In counties where the sheriff shall be in charge of any jail or prison or place of detention, he shall be entitled to receive such allowance for the custody, care and mainte-

nance of prisoners and inmates as may be fixed by the courts or official boards of the respective counties having supervision of such institutions, or as said courts or boards may approve, upon itemized bills rendered from time to time, to be paid by such counties, in addition to any compensation for his services fixed by law or by any court or official board authorized to fix such compensation."

It very clearly appears that whatever allowance may be fixed shall be in addition to any compensation for services fixed by law or otherwise by any courts or official boards authorized to fix the same. It was apparently the intention of the legislature under the Act of 1933, supra, to have the court or board fix an allowance not only for the maintenance of prisoners but for their care and custody as well, and that this should be in addition to any other compensation. In this view of the case, we are inclined at this time to fix an allowance based on a per diem basis. The question is what should this amount be? We are convinced that it should be more than the actual cost of maintenance, since the act says that an allowance shall be made for the custody and care of prisoners and inmates as well as for their maintenance.

Taking the items of the food bill alone, the cost to the sheriff over the period stated amounts to about 25 cents per day. Up until 1925, prisoners had been maintained in our county jail on a per diem basis. The amount allowed however varied. It has never been more than 50 cents per day. The last two orders that we have noted were made on March 4, 1912, when the rate was fixed at 37 cents per day, and on March 1, 1926, when the rate was fixed at 42 cents per day.

In view of the fact that the sheriff has not asked to have his allowance fixed on a per diem basis, we feel justified in fixing an amount lower than either of the two preceding orders and believe that the amount of 30 cents per day will be a sufficient allowance. And further, since my associate, Judge Braham, was disqualified in this case by

reason of having been counsel for the sheriff, and since it may be desirable to have this matter passed upon by the court in banc, we will enter an order nisi, as follows:

### Order

Now, June 12, 1937, an allowance of 30 cents per day for each prisoner and inmate of the county jail is fixed to be paid to the Sheriff of Lawrence County for the custody, care and maintenance of prisoners and inmates from December 1, 1935, until the expiration of his term of office, on the first Monday of January, 1938. This order not to be effective until the expiration of 10 days from the filing hereof, and not then if exceptions be filed thereto either by Edward D. Pritchard, Sheriff of Lawrence County, or by the County Commissioners of Lawrence County.

### Final opinion and order of court

CHAMBERS, P. J., August 4, 1937.—This matter was argued before the court in banc on exceptions to an order nisi formerly entered, Wilson, P. J., of the fiftieth judicial district, specially presiding, instead of Braham, J., formerly of counsel for the sheriff.

The matter originally came into court on petition of the sheriff to have the court approve and direct payment to him of certain bills which he claimed were contracted in the maintenance, care and custody of prisoners in the county jail. The county commissioners objected to this on two grounds, first contending that the court was only permitted to make an allowance to the sheriff on a per diem basis, and, second, that a number of items were included which were not proper expenditures for such purpose, and praying the court to fix an allowance on a per diem basis. After the taking of testimony, we fixed an allowance on a per diem basis, sufficient to reimburse the sheriff for all the expenditures which he had made, including the ones in controversy, with a small amount in excess. The testimony showed that the amount of money expended for the feeding of prisoners was slightly less than 25 cents per day; that, including the expenditures

in regard to which there was a controversy, the amount was slightly in excess of 27 cents per day. We fixed an allowance of 30 cents per day. This would allow the sheriff nearly 3 cents per day in excess of his actual expenditures, even if he could not make some arrangement with the county commissioners as to the expenditures for items which they contended were not proper expenditures. To this order the sheriff has filed exceptions, first contending that the court had no authority to make an order on a per diem basis, which would give to the sheriff an amount greater than his actual expenditures, and also excepting on the ground that we had not indicated what were and what were not proper expenditures to be made by the sheriff, and also excepting that, by reason of the increase in price of foodstuffs, the sum of 30 cents per day was inadequate. As to the first objection, we sufficiently discussed that in our former opinion. We are fully convinced that the court may award such an amount as will allow the sheriff a sum in addition to the amount which he expends for food, to which he would be entitled for the care and custody of prisoners. Whether our conclusion be error or not, if unappealed from it will be the law of this case, and the commissioners have filed no exceptions. We think this sufficiently disposes of this matter.

The question of what are and what are not proper expenditures, we also feel is immaterial to the disposition of this case. We made an allowance more than sufficient to reimburse the sheriff for all the expenditures he had made, whether authorized or not, so he cannot be injured by the order and we do not feel it incumbent upon the court to act in an advisory capacity to the sheriff. That is a matter for his counsel. It might not be out of place however, to call the attention of the sheriff to section 23 of The General County Law of May 2, 1929, P. L. 1278, wherein the corporate powers of each county are vested in the board of county commissioners, and likewise section 552 of the same act, which places in the board of

county commissioners the duty of keeping and maintaining the public buildings of the county in suitable and convenient order and repair. It would therefore seem evident that it is the duty of the county commissioners to see that the jail is equipped and kept in proper repair, and that any permanent improvements or equipment should be contracted for by the county commissioners, and upon their failure to provide the same that an action of mandamus would lie. Some sudden emergency might arise that would warrant the sheriff in buying some pieces of equipment to take care of the emergency, but no such matter was urged in the case before us and we are satisfied that some of the purchases made by the sheriff were unwarranted and should have been made by the county commissioners, as, for example, a large number of blankets purchased by him to be used by prisoners in the jail. This purchase, we feel, should have been made by the county commissioners. There are, however, among the items set forth in the exceptions, some items which have been paid for by the county commissioners that might be proper items to be purchased by the sheriff in the maintenance, care and custody of prisoners. Among these is an item of soap, etc., amounting to $594.57. Such part of the soap as was used by the prisoners personally would probably be a proper expenditure to be made by the sheriff, but that used in keeping the premises clean would no doubt be for the commissioners. Also the items of drugs and medicines might be a matter that was on the borderline. The other matters, we think, are clearly for the commissioners. The salary of the jail physician and of the deputies are clearly matters for the county commissioners. The case of Ludwick's Appeal, 117 Pa. Superior Ct. 471, we think sufficiently answers the question in regard to the deputies. In the future, if the sheriff has any doubt as to any expenditures, he would have the right to bring the question before the court before making the same if no satisfactory arrangement could be made with the commissioners.

As to the amount of 30 cents per day being an inadequate amount on account of the increase in cost for future maintenance of prisoners, we are satisfied that this is an adequate amount. This will allow for more than a 20 percent increase in cost of food before the sheriff loses any money. The position of the sheriff all through this proceeding has been that he did not wish to make any profit. We are of opinion that he will be able to maintain prisoners on the sum of 30 cents per day without having any loss. Should conditions change so radically as to make a large loss imminent, we still feel that he would have the right to bring the matter before the court.

### Order

Now, August 4, 1937, the exceptions filed by the sheriff to our former order of court, and numbered 1, 2, 3, and 4, respectively, are each overruled and refused.