**DAVID GRAHAM HALL FOUNDATION, Appellant,**

v.

**HIGHLAND PARK INDEPENDENT SCHOOL DISTRICT et al., Appellees.**

No. 16243.

Court of Civil Appeals of Texas.

Dallas.

Sept. 27, 1963.

Rehearing Denied Nov. 1, 1963.

Woodgate & Richards, John H. McElhaney, Turner, Rodgers, Winn, Scurlock & Terry, Dallas, for appellant.

Henry Wade, Dist. Atty., Sam Connally and Philip E. Thorson, Asst. Dist. Attys., C. L. Chance, Leander, for appellees.

DIXON, Chief Justice.

David Graham Hall Foundation has appealed from a judgment against it for delinquent ad valorem taxes found to have been due Highland Park Independent School District, Town of Highland Park and State of Texas and County of Dallas.

Appellant defends on the ground that it is a charitable organization and is therefore exempt from the payment of taxes under Art. 7150, subd. 7, Vernon's Ann.Civ.St.

■ We have concluded that the judgment should be affirmed. Notwithstanding the statutory provisions upon which appellant relies the Constitution of the State of Texas, Art. VIII, Sec. 2, Vernon's Ann.St., has been interpreted to mean that property of a charitable organization is not exempt from the payment of taxes unless it is shown that the particular property in question has been used exclusively for charitable purposes during each year for which exemption is claimed. Appellant has failed to show that the property was so exclusively used.

In 1942 Highland Park Independent School District filed suit for taxes alleged to be due on property owned by appellant and described as all of Lot 16, Block 87, Highland Park 4th Installment (and improvements thereon) as shown by the official recorded map of the Town of Highland Park. In 1943 the Town of Highland Park intervened, also suing for delinquent taxes on said property.

In 1958, sixteen years after the filing of its original petition, the School District filed its second amended original petition in which it reasserted its claim for taxes due for the year 1941 and sued further for all delinquent taxes which had accrued since the filing of its original petition. Intervenor Town of Highland Park filed its amended plea of intervention, likewise suing for the additional delinquent taxes alleged to have accrued since the filing of its original plea. In 1959 the State of Texas for the first time intervened, claiming delinquent taxes over a similar period of time.

Appellant filed its original answer on February 27, 1959, consisting of a general denial. On July 13, 1962 appellant filed its fourth amended answer and a plea in abatement, in which pleadings appellant claimed for the first time that the suit should be

dismissed because of the failure of the taxing authorities to prosecute for a long period of time. So far as the record shows the plea in abatement was never acted on by the court.

On July 20, 1962 a jury returned a verdict finding in substance that (1) The School District and the Town of Highland Park had not prosecuted their actions with diligence between 1943 and 1958; (2) all the rents and revenues from three houses on the property had been used by appellant Foundation to sustain the Foundation; and (3) appellant during all of the time between 1941 and 1961 was an institution of purely public charity.

Thereafter the taxing authorities filed motions for judgment non obstante veredicto. The motions were sustained. On December 31, 1962 judgment was rendered in favor of Highland Park Independent School District for a total amount of $4353.-46; in favor of the Town of Highland Park for a total amount of $3043.04; and in favor of the State of Texas and County of Dallas for a total amount of $5383.40.

In its first point on appeal appellant Foundation asserts that the court erred in rendering judgment non obstante veredicto because the jury findings and the ample evidence in support thereof authorize an exemption from the taxes in question under the provisions of Art. 7150, Subd. 7, V.A. C.S.

■ As was pointed out by our Supreme Court recently it will not suffice for one to show that he comes within the statutory provisions for tax exemption if the facts do not bring his case within the requirements for tax exemption as laid down in Art. VIII, Sec. 2 of our State Constitution. River Oaks Garden Club v. City of Houston, Tex., 370 S.W.2d 851. In our discussion of the second point on appeal we shall explain why appellant has failed to meet these constitutional requirements. Appellant's first point is overruled.

In its second point on appeal appellant contends that the court erred in failing to render judgment for appellant because there is ample evidence in support of the jury's findings that (1) appellant Foundation is an institution of purely public charity and (2) the property in question was owned and used exclusively for charitable purposes.

Art. VIII, Sec. 2 of our State Constitution contains the following provision:

"* * * the legislature may, by general laws, exempt from taxation * * all buildings used exclusively and owned by * * * institutions of purely public charity * * *."

■ Before reviewing the facts of this case we think it well to summarize the holdings of our Supreme Court in construing the above constitutional provision. Exemptions from taxation are never favored and all doubts are resolved against exemption. Morris v. Lone Star Chap. No. 6, R. A. Masons, 68 Tex. 101, 5 S.W. 519; City of Longview v. Markham-McRee Memorial Hospital, 137 Tex. 178, 152 S.W.2d 1112. In tax suits the taxing authority makes out a prima facie case by introduction of certified copies of the tax records and the testimony of the tax agents. The burden is then on the parties contesting the taxes to go forward with their defensive evidence. State v. Whittenburg, 153 Tex. 205, 265 S.W.2d 569, 572; Stone v. City of Dallas, Tex.Civ.App., 244 S.W. 2d 937; Art. 7326 and Art. 7328, Sec. 6, V.A.C.S. The constitutional requirement is two-fold: the property must be owned by the organization claiming the exemption; and *it must be exclusively used by the organization, as distinguished from a partial use by it and a partial use by others whether the others pay rent or not.* Santa Rosa Infirmary et al. v. City of San Antonio, Tex.Com.App., 259 S.W. 926, 932; City of Longview v. Markham-McRee Memorial Hospital (Comm. of App., opinion adopted by S.C.), 137 Tex. 178, 152 S.W.2d 1112. If rent is received from property belong-

ing to a charitable institution, the property is not exempt from taxation though the rental revenues are used solely for the benefit of the charitable institution. State v. Settegast (Comm. of App.), 254 S.W. 925; City of Houston v. Scottish Rite Benev. Association, 111 Tex. 191, 230 S.W. 978; Morris v. Lone Star Chap. No. 6, R.A. Masons, 68 Tex. 701, 5 S.W. 519. (See Footnote [1]).

■ It is not necessary for us to pass on the first part of appellant Foundation's second point, that is, whether there is ample evidence to support the jury's finding that the Foundation is an institution of purely public charity. For if we were to uphold appellant's contention in that particular we would still be compelled to hold that the property in question is not exempt from taxation for the years involved because it was not used exclusively for charitable purposes.

The David Graham Hall Foundation was established in 1940. Its corporate charter recites that it was created for the "support of any benevolent, charitable, educational or missionary undertaking." Over the years it has engaged in many laudable activities, among them the study, prevention and cure of communicable diseases, the establishment of blood banks, etc.

The Foundation is sole owner of the property in question, Lot 16 of Block 87, Highland Park 4th Installment. The dimensions of the lot are 250′ by 250′. On it four buildings are located: a main building and three residences.

The main building houses the Foundation's administrative offices and laboratories. This building also houses the administrative offices of the David Graham Hall Trust, a related but separate organization. The Trust owns many properties the revenue from which is devoted to the support of the Foundation.

At various times the main building has also been used by the Texas Social Hygiene Association, the Dallas Mental Health Society and a private commercial enterprise known as "Right-Way Repair Service." The specific duration of each of these uses is not shown in the evidence, though each of the uses took place at one time or the other from 1941 through 1962.

Of the three residences on the property, two of them are rent houses, the revenues from which are devoted to the Foundation's activities. The third residence is known as the caretaker's house. This house has also been rented for an indeterminate period for the sum of $50.00 per month. During World War II these houses were occupied in part at least at a nominal rental by war refugees who performed services for the Foundation.

1. It is interesting to note that in City of Houston, et al. v. River Oaks Garden Club, Tex.Civ.App., 360 S.W.2d 855, the Houston Court of Civil Appeals held that the Garden Club was an institution of purely public charity. Nevertheless the Court held that the Club's property was not exempt from taxation, since the Club permitted other non-profit organizations to use the property from time to time though no charge was made for such use. The Supreme Court affirmed the decision of the Court of Civil Appeals but on different grounds. River Oaks Garden Club v. City of Houston, Tex., 370 S.W. 2d 851. The Supreme Court held that the Club was not an institution of purely public charity, therefore its property cannot be exempt. The Supreme Court did not reach the other question decided by the Court of Civil Appeals: that the Club had allowed other nonprofit organizations to use the property, though rent free, therefore the property was not exempt.

Justice Norvell, in a dissenting opinion in which he was joined by three other Justices, takes issue with the conclusions of both the Court of Civil Appeals and the majority opinion of the Supreme Court.

Neither the Supreme Court opinion nor the Court of Civil Appeals opinion control our holding here, for the facts are different: here it is undisputed that the property was used in part by other organizations and individuals some of whom paid rent to the Foundation.

The Foundation on several occasions in the past has paid the yearly taxes assessed against the property. The President and General Director testified that the payment of these taxes was a mistake. In this suit no payment was sought for these years.

The above facts are undisputed. There is no evidence to support the jury's verdict that the property has been used exclusively for charitable purposes. That being so the property under our constitutional provisions as they have been interpreted by our Supreme Court is not entitled to exemption from the payment by its owner of ad valorem taxes. Appellant's second point on appeal is overruled.

 In its third point appellant takes the position that the School District and the Town of Highland Park, by failing to prosecute their causes of action within a reasonable time, had abandoned any causes they might have had.

There is no merit in this point. It is not contended that the Statute of Limitations is applicable to appellees' suits for taxes. After suit was first filed in 1942 the President and Director of the Foundation suggested that the matter be held in abeyance pending meetings between the parties involved in an effort to reach an agreement in regard to the claim of exemption. Nothing was thereafter done by either side with respect to calling such a meeting.

It should be remembered too that when the original suit was filed in 1942 only the taxes for the year 1941 were in question. When the School District and the Town filed their amended pleadings in 1958 they sued for the additional taxes which had accrued up to the year 1958. This was in effect the filing of a new suit. The State and County appeared by intervention for the first time in 1959.

It cannot be said that there was any lack of diligence following the filing of the amended pleas by the taxing author-

ities in 1958. Thereafter appellant filed its original answer. There was considerable activity in the case from that point on as is evidenced by the fact that appellant went to trial on its fourth amended answer. So far as the record shows appellant did not urge its plea of abandonment until shortly before the case went to trial on its merits in 1962. In passing on a motion to dismiss on the grounds of abandonment the lack of action at the time of the presentation of the motion or just before the presentation will govern the court's decision. Chapman, Banking Commissioner v. Gibson, Tex.Civ.App., 8 S. W.2d 711. Appellant's third point is overruled.

 Appellant's fourth and fifth points are presented in the alternative. It is alleged that the trial court should have segregated and differentiated the taxes as to exempt years and non-exempt years, and as to specific parts of the property that may have been used for non-exempt purposes.

There is no merit in either of these points. As we have stated each of the taxing authorities made out a prima facie case when it introduced its official tax records and the testimony of its taxing agent. The burden was then on the Foundation to prove its defense. This it failed to do. The testimony is too vague and general to enable the court to single out any one or more tax years when the property was used exclusively for purely charitable purposes within the meaning of our law, if there were any such years.

The same thing is true with reference to segregating those parts of the property, if any, which may have been used for non-exempt purposes. The property is described as Lot 16 of Block 87 4th Installment of Highland Park with improvements thereon. This is a proper description for tax purposes. Art. 7204, subd. 7, V. A.C.S.; Art. 7205, subd. 7, V.A.C.S.; 84 C.J.S. Taxation § 467, p. 904. We find

no evidence in the record upon which the court could have predicated a segregation either as to years or portions of appellant's property. The fifth and sixth points on appeal are overruled.

The judgment of the trial court is affirmed.