Richard OSBORNE, Tax Assessor and Collector for the City of Morgan's Point, Texas, Appellant,

v.

BOYS HARBOR, INC., Appellee.

No. 15697.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Dec. 10, 1970.

Andrew J. Lannie, Baytown, for appellant.

Fred Parks, Gail Borden Tennant, Jr., Houston, for appellee.

PEDEN, Justice.

Tax collector appeals from the granting of a summary judgment in a declaratory judgment suit brought by Boys Harbor, Inc. The trial court held Boys Harbor to be a purely public charity for and during 1968 and therefore exempt from all taxes levied for the City of Morgan's Point for that year, the only year for which Morgan's Point assessed taxes against Boys Harbor. The petition of Boys Harbor for a declaratory judgment contained these allegations:

## VII.

"That Boys Harbor, Inc., the Plaintiff herein, is a charitable, educational organization, duly incorporated under the laws of the State of Texas for the purpose of supporting a benevolent, charitable, and educational institution in accordance with Sec. 2 of Article 1302 R. C. S. of Texas, 1928, being specifically an organization for the support of a charitable home for dependent children and further dedicated to the promotion of the general welfare of such children by teaching them the principles of right living and good citizenship.

"* * *

## IX.

"That the properties taxed are the buildings and lands upon which the Plaintiff association conducts its charitable offices and further that all of such properties are reasonably necessary for the discharge of the Plaintiff's charitable purposes; that such lands belonging to and occupied by the Plaintiff are not leased or otherwise used with a view to profit but are actually, directly and exclusively used for the charitable and educational purposes for which the Plaintiff Boys, Harbor, Inc. was organized."

With the appellee's motion for summary judgment there were filed eight affidavits which had been executed by three of its employees. These affidavits concern different portions of the land in question and cover all but Lots 6 to 8 of Block 84, Bay Front. The substance of each affidavit is that the affiant has worked as executive director (or farm manager or cottage parent) for several years and thus has personal knowledge that the land in question is used for pasture (or hay field or grazing or pecan orchard), that the labor done on this land is done under the respective affiant's supervision, that the boys who are residents of Boys Harbor, Inc. do the majority of the work associated with the purpose for which the land is used, that the respective affiants find that the experience which those boys gain in fencing, plowing, fertilizing and planting of the pasture crop is essential to the purposes for which Boys Harbor was founded and helps teach the boys the principles of good citizenship and that the land in question is used exclusively for the charitable purposes for which Boys Harbor, Inc. was founded. In each of these affidavits the present tense of the verbs is used, each bears the date July 22, 1969, and none of them states the use made of the land in question during the year 1968.

"Exemptions from taxation are never favored, and in the construction or interpretation of a law extending exemption from taxation to any citizen or class of property all doubts are resolved against the exemption." Morris v. Lone Star Chapter No. 6, Royal Arch Masons, 68 Tex. 698, 5 S.W. 519 (Tex.Sup.1887); City of Longview v. Markham-McRee Memorial Hospital, 137 Tex. 178, 152 S.W.2d 1112 (Tex.Sup.1941).

Article VIII, Section 1, of the Texas Constitution, Vernon's Annotated Statutes, requires that all property in this State, other than municipal, shall be taxed in proportion to its value subject, however, to the

provision in Section 2 of Article VIII: "* * * But the legislature may, by general laws, exempt from taxation * * * all buildings used exclusively and owned by * * * institutions of purely public charity."

The implementing statute with which we are here concerned, paragraph 7 of Article 7150 read as follows when the taxes in question were assessed:

"Article 7150. Exemptions from taxation.

"The following property shall be exempt from taxation, to-wit:
"* * *

"7. Public charities: All buildings and personal property belonging to institutions of purely public charity, together with the lands belonging to and occupied by such institutions not leased or otherwise used with a view to profit, unless such rents and profits and all moneys and credits are appropriated by such institutions solely to sustain such institutions and for the benefit of the sick and disabled members and their families and the burial of the same, or for the maintenance of persons when unable to provide for themselves, whether such persons are members of such institutions or not. An institution of purely public charity under this article is one which dispenses its aid to its members and others in sickness or distress, or at death, without regard to poverty or riches of the recipient, also when funds, property and assets of such institutions are placed and bound by its law to relieve, aid and administer in any way to the relief of its members when in want, sickness and distress, and provide homes for its helpless and dependent members and to educate and maintain the orphans of its deceased members or other persons; and any corporation in this state of a non-profit and purely charitable nature and formed for the charitable and benevolent purpose of preventing cruelty to animals, to promote humane and kind treatment of animals, and to aid and assist by all legal and proper means the enforcement of the laws of this state for the prevention of cruelty to animals of every kind and nature."

In Hilltop Village, Inc., v. Kerrville Independent School District, 426 S.W.2d 943 (1968) the Texas Supreme Court, in discussing this constitutional provision and paragraph 7 of Article 7150, as it was written when that case arose, (unchanged as to provisions pertinent to the instant case) stated:

"To qualify under these constitutional and statutory requirements, an institution must be one of purely public charity in the purposes for which it is formed and in the manner and means it has adopted for the accomplishment of such purposes; this being so, and in addition, the properties which are the subject of the claimed exemption must be owned and used exclusively by the institution in furthering its charitable activities. Briefly stated, there must be a dedication of the properties to charitable uses accompanied by actual uses for such purposes."

The appellant's fifth point of error is that the trial court erred in granting summary judgment declaring Boys Harbor, Inc. exempt from the taxes in question for the calendar year of 1968. We sustain this point. We are unable to find in the summary judgment evidence in this case any specific evidence as to the use of the property by Boys Harbor for the calendar year 1968. A work schedule for December, 1968, supplied by the appellee in response to interrogatories filed by the appellant, does not supply the requisite proof as to the use of the land in question, nor does a supplemental affidavit executed on December 12, 1969 by Mr. E. Gordon Logan, president and chairman of the board of Boys Harbor, Inc. for the past fifteen years. It states that he knows of personal knowledge that the land in question (which is identified by specific lot and block numbers) belongs to and is currently in the

possession, control and ownership of Boys Harbor, Inc.

As was stated in David Graham Hall Foundation v. Highland Park Independent School District, 371 S.W.2d 762 (Tex.Civ. App.1963, writ ref. n. r. e.), property of a charitable organization is not exempt from the payment of taxes unless it is shown that the particular property in question has been used exclusively for charitable purposes during each year for which exemption is claimed. The court held that the testimony in that case was too vague and general to enable the court to single out any one or more tax years when the property was used exclusively for purely charitable purposes within the meaning of our law.

In the instant case the appellee had the burden of establishing *as a matter of law* by its summary judgment proof that there is no genuine issue of fact as to its being exempt from the levy for 1968. Gibbs v. General Motors Corp., 450 S.W.2d 827 (Tex.Sup.1970).

Summary judgment is a harsh measure. Before a litigant is to be denied the opportunity to present evidence in a conventional trial it must be demonstrated that if he did present his evidence it would raise no genuine issue of material fact.

The Texas Supreme Court, in Great American Reserve Insurance Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41 (1965) citing numerous cases, held these rules applicable:

"The burden of proof is on the movant, and all doubts as to the existence of a genuine issue as to a material fact are resolved against him. * * * In other words, the evidence must be viewed in the light most favorable to the party opposing the motion. * * * If the motion involves the credibility of affiants or deponents, or the weight of the showings or a mere ground of inference, the motion should not be granted. All conflicts in the evidence are disregarded, and the evidence which tends to support the position of the party opposing the motion is accepted as true. * * * Evidence which favors the movant's position is not considered unless it is uncontradicted. If such uncontradicted evidence is from an interested witness, it cannot be considered as doing more than raising an issue of fact, unless it is clear, direct and positive and there are no circumstances in evidence tending to discredit or impeach such testimony. * * * This exception is especially true where the opposite party has the means and opportunity of disproving the testimony, if it is not true, and fails to do so. * * * After all the evidence has been sifted in this manner, the Court must determine whether the movant is entitled to a judgment as a matter of law."

In the instant case, we do not reach the question of whether the appellant's affidavits contradict those of the appellee in view of our holding that the latter's affidavits standing alone are insufficient to uphold the summary judgment. We note, however, that the appellant's affidavits make no specific reference to the year 1968.

Having concluded that this cause must be reversed and remanded to the trial court, we do not find it necessary to rule on the appellant's other four points of error. However, it might be helpful to the trial court for us to point out that proof is lacking in the record that the Hermann Hospital Trust (to which the land in question will revert under certain circumstances) is a purely public charity.

No matter how laudable and vital the work done by charitable institutions, our law requires that exemptions from taxation be closely scrutinized and that presumptions of fact not be indulged in their favor.

Reversed and remanded.