**SILCO, INC., Appellant,**

v.

**Robert S. CALVERT, Comptroller of Public Accounts of the State of Texas et al., Appellees.**

**No. 11928.**

Court of Civil Appeals of Texas, Austin.

June 7, 1972.

Rehearing Denied June 28, 1972.

Jenkens, Spradley & Gilchrist, Phillip N. Smith, Jr., Dallas, for appellant.

Crawford C. Martin, Atty. Gen., Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., John R. Grace and Wardlow Lane, Asst. Attys. Gen., Austin, for appellees.

PHILLIPS, Chief Justice.

Silco, Inc. the Appellant herein and Plaintiff below, brought this suit against the State Comptroller, and others, Appellees here to recover all or a portion of $52,372.25 which is a franchise tax payment made under protest by Appellant Silco for the tax year ending December 31, 1969. Trial was had upon stipulated facts, wherein the trial court rendered judgment against Appellant and in favor of Appellees.

We affirm.

Appellant is before us on one point of error, which is the error of the trial court in failing to render judgment for Silco for all or a portion of its claim under the agreed facts.

We overrule this point.

The pertinent facts are not disputed. In 1969 Silco was a holding company comprised of four corporations. These were a Texas-Chartered bank (Exchange Bank & Trust Company), two insurance companies and a Texas-Chartered savings and loan company. Each of these four corporations owned by Silco were exempt from franchise taxation in 1969.

The two insurance companies and the savings and loan company are each exempt under Tex. Tax.-Gen. Ann. art. 12.03, Title 122A, V.A.T.S. The bank is exempt by administrative interpretation of the office of the Comptroller.[1]

In 1969 Silco received $1,003,153 cash dividends from its Exchange Bank & Trust Company (state bank) stock. In calculating franchise tax liability in the past, it had been the practice of the Comptroller not to include dividends received by a cor-

---

1. The reason for such administrative interpretation is that national banks were exempt in 1969 under Federal statute from franchise taxation. Thus the Comptroller ruled state banks also exempt in order to comply with Article 342–908 of the Texas Banking Code.

poration from a national bank as gross receipts from the corporation's business done in Texas.[2] The reason for such interpretation is that national banks are regarded as foreign corporations for purposes of franchise tax calculation.

Appellant contends that in 1969 Silco was a holding company which functioned merely as an intermediary or conduit receiving dividends and interest from the corporations it owned. That this fact, coupled with the fact that each of Silco's corporate components was exempt from franchise taxation, both logic and equity dictate that the substance, as opposed to mere form, of Silco's existence and operation be given effect by extending the exemptions allowed each of Silco's corporate components to Silco itself.

Appellant also contends that on both legal and equitable bases, it should be freed from the financial burden of franchise taxation. That to refuse such freedom violates the Legislature's intent and purpose in promulgating the franchise tax exemptions allowed under Article 12.03, supra, our Article 342–908, V.C.S. of the Texas Banking Code.

■ We cannot agree with Silco's position here. Exemptions from the franchise tax must be strictly construed. Houston Belt & Terminal Ry. Co. v. Clark, 122 S. W.2d 356 (Tex.Civ.App.1938, affirmed 135 Tex. 388, 143 S.W.2d 373, Tex.Com.App.). This same rule applies in the construction of all tax exemption statutes. 84 C.J.S. Taxation § 227, p. 437; 84 C.J.S. Taxation § 231, p. 448; 84 C.J.S. Taxation § 240, p. 458. Benevolent & Protective Order of Elks v. City of Houston, 44 S. W.2d 488 (Tex.Civ.App.1931, writ ref'd); Morris v. Lone Star Chapter No. 6, Royal Arch Masons, 68 Tex. 698, 5 S.W. 519 (1887).

■ A corporation cannot be brought within an exemption statute merely because it is connected, through ownership or otherwise, with a corporation exempted from the tax. Each corporation is, under law, a separate legal entity. The fact that the capital of a taxable corporation is invested in stock or securities that are exempt from taxation does not relieve that corporation from a franchise tax measured by such exempt securities. Werner Machine Co., Inc. v. Director of Division of Taxation, Department of Treasury, State of New Jersey, 350 U.S. 492, 76 S.Ct. 534, 100 L.Ed. 634 (1956).

The second part of Appellant's point of error raises the question of whether dividends received from state banks should be included as part of Appellant's "gross receipts from business done in Texas." Article 12.02, Title 122A, Taxation-General, V.C.S. provides that a corporation's taxable capital shall be determined by the proportion that the gross receipts from its business done in Texas bears to the corporation's total gross receipts.

Appellant contends that its dividend, from a state bank may not be considered as gross receipts from Texas business because the Comptroller on two occasions, has not required dividends from a national bank in the formula used to calculate the tax.

■ Appellant contends that such divergent treatment of dividends from state and national banks violates Article 342–908, Title 16, Banks & Banking, V.C.S. Article 342–908 provides:

"State and national banks are hereby declared to be within the same class under the Constitution and laws of this state. It is not the intention of the Legislature to discriminate between state banks, national banks, and private banks. To the extent that the State of Texas has power to legislate with reference to national banks, all laws of this state shall apply alike to state banks, private banks, and national banks domiciled in this state; and state banks and private

2. See Article 12.01(1) (a), Title 122A, Taxation-General, Vernon's Civil Statutes.

banks shall be subject to only such taxes heretofore or hereafter imposed by the state, or any political subdivision thereof, as could lawfully be imposed upon such state banks or private banks were they operating as national banks. As amended Acts 1963, 58th Leg., p. 134, ch. 81, § 7; Acts 1965, 59th Leg., p. 1527, ch. 666, § 1, eff. June 18, 1965."

This statute requires only that state and national banks be treated equally under the state laws. The statute does not in any way require an equal treatment of any other corporations that are not state banks or national banks.

Appellant is neither a state bank nor is either of the other two types of corporations in which it has stock.

The judgment of the trial court is affirmed.

Affirmed.