Bob **BULLOCK, Comptroller of Public
Accounts et al., Appellants,**

v.

**CRA, INC., Appellee.**

No. 8479.

Court of Civil Appeals of Texas,
Beaumont.

July 17, 1980.

Rehearing Denied Aug. 14, 1980.

Connie Odé, Asst. Atty. Gen., Austin, for appellants.

C. Morris Davis, Austin, for appellee.

KEITH, Justice.

This is a companion case to our No. 8480, *Bullock v. Farmland Industries, Inc.,* 603 S.W.2d 305, this day handed down, but a different statute is involved.

The Comptroller of Public Accounts, The Treasurer, and the Attorney General of the State of Texas appeal from a judgment which declared that CRA was exempt from the payment of franchise taxes and was entitled to a refund of the franchise taxes which it had paid under protest.

CRA, Inc., is a foreign cooperative association which has had a permit to do business in Texas for many years. It sought exemption from the payment of franchise taxes but such exemption was denied by the Comptroller and it paid such taxes under protest. It then sued to recover such taxes paid under protest and for a declaratory judgment that it was exempt from such taxes.

After answer by the State, CRA filed its motion for summary judgment which was not controverted in any respect by the State. In the supporting summary judgment proof it was established that CRA was a cooperative association organized under the laws of the State of Kansas. All of the voting stock of CRA is, and always has been, owned directly by Farmland Industries, Inc. (hereinafter "Farmland"), a cooperative association incorporated under the Kansas Marketing Act. The primary purpose of the creation of CRA was to provide and operate oil refinery capacity needed to supply Farmland with petroleum products for sale to Farmland's membership consisting of some 2,299 local farmer-owner cooperatives.

It is undisputed that CRA sells its products to Farmland at the normal manufacturer's prices; Farmland, CRA's only member, in turn resells these products to its membership at normal or jobber's prices.

The "Cooperative Association Act", *Tex. Rev. Civ. Stat. Ann. Article 1396–50.01*

*(1980)* is a comprehensive statute.[1] *Section 43* of the Act reads:

"A foreign corporation or association operating on a cooperative basis and complying with the applicable laws of the state in which it is organized may transact business in this state as a foreign cooperative corporation or association."

*Section 44* provides that each association organized under the Act is exempt from the franchise tax and from license fees imposed by the state or a political subdivision of the state.

It is conceded that CRA was a foreign cooperative association qualified to do business in Texas pursuant to *Section 43* of the Act; but, the Attorney General argues that the summary judgment proof conclusively demonstrates that CRA was not an association "organized under the Act" as required by *Section 44*. Counsel points to *Section 4* of the Act which specifies who may incorporate as a cooperative association thereunder:

"Five or more natural persons or two or more associations may incorporate under this Act. . . ."

Counsel also points to *Section 5* which provides that the association is to be incorporated "for the primary and mutual benefit of the members of the association."

It is apparent that the Legislature contemplated that five or more natural persons or two or more associations would be brought together for their own mutual benefit, thereby entitling them to the privileges and immunities extended to cooperative associations under the Act. It is apparent from our undisputed record that CRA was not organized in such manner. It is not an association of five or more individuals or two or more associations; instead, it has only one member, Farmland. While Farmland is composed of more than five associa-

tions, it is CRA which seeks the exemption from payment of the taxes, not Farmland.

In claiming exemption from taxation, CRA encounters a rule of law difficult to ignore and more difficult to overcome. It was set out with simplicity but emphasis in *Bullock v. National Bancshares Corp.*, 584 S.W.2d 268, 271–272 (Tex. 1979):

"Statutory exemptions from taxation are subject to strict construction since they are the antithesis of equality and uniformity and because they place a greater burden on other taxpaying businesses and individuals. . . . An exemption cannot be raised by implication, but must affirmatively appear, and all doubts are resolved in favor of taxing authority and against the claimant. Simply stated, the burden of proof is on the claimant to clearly show that it comes within the statutory exemption." (all citations omitted)

In essence, it is the position of CRA that because it is related to FARMLAND, an association exempt from the payment of franchise taxes, it too is exempt. This contention was rejected in *Silco, Inc. v. Calvert*, 482 S.W.2d 56, 58 (Tex.Civ.App.—Austin 1972, writ ref'd n.r.e.).[2] This language taken from *Silco*, supra, is dispositive:

"A corporation cannot be brought within an exception statute merely because it is connected, through ownership or otherwise, with a corporation exempted from the tax. Each corporation is, under law, a separate legal entity. . . ."

CRA has not discharged its onerous burden of showing that it is exempt from payment of the franchise taxes or such taxes paid under protest. Consequently, we sustain the first point in the brief of the State.[3] We do not reach the second point relating to alleged unconstitutionality of the Act as violative of the state and federal constitutions.

1. All subsequent references to this Act will be to the several sections as they appear in the Act.

2. In *Bullock v. National Bancshares*, supra, Justice McGee, speaking for a unanimous court, analyzed the fact structure and approved the holding in *Silco*, supra.

3. "The trial court erred in granting appellee's motion for summary judgment because appellee does not qualify for a tax exemption under the Texas Cooperative Association Act."

The judgment of the trial court is reversed and judgment rendered that CRA take nothing by reason of its suit. REVERSED and RENDERED.

CLAYTON, J., not participating.