

# The Attorney General of Texas

November 19, 1981

**MARK WHITE**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Roy Blake, Chairman
Senate Committee on Administration
State Capitol Building, G-27-J
Austin, Texas   78711

Opinion No.  MW-391

Re:   Whether residences owned by the Texas Department of Corrections and used by its employees are taxable

Dear Senator Blake:

You have inquired about the tax status of certain property held by the Texas Department of Corrections. You state that the department owns a number of housing facilities which are serving as private residences of the department's employees. You ask whether such use is a "private use" such that this property is taxable under the Texas Constitution and the Property Tax Code.

Article VIII, section 2(a) of the Texas Constitution provides that "the legislature may, by general laws, exempt from taxation public property used for public purposes." Article XI, section 9 of the constitution provides that "all other property devoted exclusively to the use and benefit of the public shall be exempt... from taxation." Section 11.11(a) of the Property Tax Code, effective on January 1, 1980, provides that "property owned by this state or a political subdivision of this state is exempt from taxation if the property is used for public purposes." Section 11.11(d) of the Property Tax Code, also effective January 1, 1982, provides in part:

> (d)  Property owned by the state that is not used for public purposes is taxable. Property owned by a state agency or institution is not used for public purposes if the property is... used to provide private residential housing for compensation to members of the public <u>other than students and employees of the state agency or institution owning the property</u>.... (Emphasis added).

Acts 1981, 67th Leg., 1st C.S., ch. 13, §30, at 127. Section 11.11(d) of the Property Tax Code does not expressly make the housing facilities taxable. It in fact suggests, although it does not state, that use of housing by state employees constitutes a public purpose.

In order to answer your question, we must determine whether the use of residences by employees of the department constitutes a public or private purpose within the meaning of the constitution. See David Graham Hill Foundation v. Highland Park Independent School District, 371 S.W.2d 762 (Tex. Civ. App. - Dallas 1963, writ ref'd n.r.e.).

Briefs submitted to this office raise the question of whether the employee's use of state-owned housing primarily benefits the prison system or the employee as a private individual. In our opinion, the relevant legislation defines the provision of housing to an employee as compensation or an emolument. Article 6166z9, V.T.C.S., provides that certain prison employees shall receive lodging in addition to their salaries. The General Appropriations Act gives certain prison employees an entitlement to emoluments, which include "housing belonging to the Department of Corrections." Acts 1981, 67th Leg., ch. 875, at 3389. The Board of Corrections may also authorize emoluments to other employees. Id. The housing used by Department of Corrections employees has thus been characterized by the legislature as an emolument. "Emolument" is the profit arising from office or employment and it is more comprehensive than salary. Thomas v. Abernathy County Line Independent School District, 278 S.W. 312 (Tex. Civ. App. - Amarillo 1925), rev'd on other grounds, 290 S.W. 152 (Tex. Comm'n App. 1927); Taxpayers' League of Carbon County v. McPherson, 54 P.2d 897 (Wyo. 1936); Attorney General Opinion WW-719 (1959). Thus, we believe the legislature intended the use of housing to be part of the employee's compensation.

In our opinion, the department's use of housing to compensate its employees constitutes a public use. State funds appropriated to compensate public employees are not taxable to the state merely because they will eventually be spent by the employees for private purposes. Nor, in our opinion, is the housing in question taxable. See generally City of Sherman v. Williams, 19 S.W. 606 (Tex. 1892).

### S U M M A R Y

The use of residential property owned by the Department of Corrections to provide housing as compensation to its employees constitutes a public use of the property. The property is not subject to ad valorem taxation.

Very truly yours,

M A R K   W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Susan L. Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
W. Reed Lockhoof
Jim Moellinger