CENTRAL APPRAISAL DISTRICT OF
ERATH COUNTY et al., Appellants,

v.

PECAN VALLEY FACILITIES,
INC., Appellee.

No. 11–85–133–CV.

Court of Appeals of Texas,
Eastland.

Nov. 7, 1985.

Brian E. Brown, Calame, Linebarger &
Graham, Austin, for appellants.

John Terrill, Coan and Terrill, P.C. Ste-
phenville, for appellee.

Opinion

RALEIGH BROWN, Justice.

Pecan Valley Facilities, Inc. initiated this
proceeding in the district court of Erath
County seeking review of the Erath County
Appraisal Review Board's decision which
denied its request that its property be ex-
empted from ad valorem property taxation.
Pecan Valley named as defendants in the
district court: the Central Appraisal Dis-
trict of Erath County; James Bachus,
Chief Appraiser of said Central Appraisal
District, individually and as Chief Adminis-
trative Officer of said Central Appraisal
District; the Erath County Appraisal Re-
view board; Erath County; the State of
Texas; the Tax Assessor-Collector of Erath
County; the Commissioners' Court of Er-
ath County; the City of Stephenville Tax
Collector; the City Council of Stephenville;
the Stephenville Independent School Dis-
trict; the Board of Trustees of the Ste-
phenville Independent School District; and
the Tax Assessor-Collector of the Stephen-
ville Independent School District. All of
the above named defendants being duly
served, Erath County, the Commissioners'
Court of Erath County, the City of Ste-
phenville Tax Collector, the City Council of
Stephenville, the Stephenville Independent
School District, the Board of Trustees of
the Stephenville Independent School Dis-
trict, and the Tax Assessor-Collector of the

Stephenville Independent School District did not appear and wholly made default in the district court.

Judgment was rendered, based on the jury's verdict, which exempted from the payment of ad valorem taxes any real property Pecan Valley owned in Erath County, for the years 1982, 1983, 1984, and for all subsequent years. Moreover, the trial court further ordered the Stephenville Independent School District, the County of Erath, and the City of Stephenville, to refund all taxes paid by Pecan Valley for the years 1982, 1983, and 1984, and to refund the payment of all court costs.

The Erath County Central Appraisal District and the Erath County Appraisal Review Board appeal, alleging nine points of error.

Point of error number two complains that the trial court erred in overruling the Appraisal District's and Board's motions for instructed verdict. The Appraisal District and Board urge that the motions should have been granted because there was no evidence that Pecan Valley had engaged in one or more of the charitable functions identified in TEX.TAX CODE ANN. sec. 11.18 (Vernon 1982 & Supp. 1985). We agree.

We determine whether the trial court erred in denying the Appraisal District's and Board's second motions for instructed verdict by examining all the evidence. See *Collora v. Navarro,* 574 S.W.2d 65, 68 (Tex.1978).

Pecan Valley was established under the Nonprofit Corporation Act of the State of Texas, at the request of the executive director of the Pecan Valley Mental Health-Mental Retardation Region. Pecan Valley's Articles of Incorporation were filed with the Secretary of State on February 12, 1980. Amendments to the Articles were filed on May 22, 1980. Pecan Valley's corporate by-laws were adopted on February 26, 1980.

The Region was created in 1976 for the purpose of providing mental health and mental retardation services to the public.

The Region itself is a quasi-governmental agency. The Region, however, is an entity wholly separate from Pecan Valley. None of the directors, officers, employees, consultants, or volunteers of the Region are in any way connected with Pecan Valley, except that the Region leases property from Pecan Valley.

Pecan Valley was created for the sole purpose of purchasing land and leasing it to the Region. State law prevented the Region from purchasing land on credit at that time, and it was recommended that the Region set up a nonprofit organization that could legally purchase property to provide housing for the Region's services.

According to its charter, by-laws, and testimony at trial, Pecan Valley serves the Region and no other entity through the lease of property. Pecan Valley has no shareholders; and from the time of its creation, the directors and officers of the corporation have received no payment, compensation, or bonus for their services. All the land that Pecan Valley owned was leased exclusively to and dedicated to the Region. Pecan Valley has no power to lease, rent, or sell any property to anyone other than the Region. Moreover, none of the monies that are received by Pecan Valley from the Region are ever distributed to any private individuals or other corporations. Pecan Valley does discharge the debt on the property it buys, and it spends money for a bookkeeper and its attorneys. Upon dissolution of Pecan Valley, if such should ever occur, all assets would revert to the counties or political subdivisions that had participated in the project.

Shortly after Pecan Valley was formed, the corporation purchased property in various counties including Erath County. The property acquired by Pecan Valley was leased exclusively to the Region and the Region was bound by the leases to utilize the property only in administering the services of the Region. The Region does lease property from other corporations and individuals in addition to the property leased from Pecan Valley. The lease payments made by the Region to Pecan Valley are

used by Pecan Valley to retire debt against the leased property or invest in other property to be leased to the Region. All property provided by Pecan Valley is made available, by the Region, to the public without regard to the public's ability to pay. Pecan Valley has been exempted from ad valorem taxes in certain Texas counties other than Erath County. On February 12, 1980, Pecan Valley applied for and was granted an income tax exemption as a charitable organization under 26 U.S.C. sec. 501(c)(3) (Supp.1985). The recited facts are undisputed.

Section 11.18 of the Texas Property Tax Code was enacted by the legislature pursuant to TEX.CONST. art. VIII, sec. 2. An organization which meets certain statutory and constitutional requirements is entitled to an exemption from taxation of its buildings and tangible personal property. See TEX.TAX CODE ANN. sec. 11.18 (Vernon 1982, & Supp.1985). Court decisions, however, are consistent in stating that tax-exemption statutes must be narrowly construed. See *River Oaks Garden Club v. City of Houston*, 370 S.W.2d 851, 854–55 (Tex. 1963); *Air Force Village Foundation, Inc. v. Northside Independent School District*, 561 S.W.2d 905, 909 (Tex.Civ.App.—El Paso 1978, writ ref'd n.r.e.). In *City of Longview v. Markham-McRee Memorial Hospital*, 137 Tex. 178, 152 S.W.2d 1112 (Tex. Comm'n App.1941, opinion adopted), the court, quoting from an earlier Commission of Appeals case, stated that "[e]xemptions from taxation are never favored, and in the construction or interpretation of a law extending exemption from taxation to any citizen or class of property all doubts are resolved against the exemption." The Supreme Court of Texas, in *Bullock v. National Bancshares Corporation*, 584 S.W.2d 268 (Tex.1979), cert. denied, 444 U.S. 1016, 100 S.Ct. 667, 62 L.Ed.2d 645 (1980), declared:

> Statutory exemptions from taxation are subject to strict construction since they are the antithesis of equality and uniformity and because they place a greater burden on other taxpaying businesses and individuals.... An exemption can-

not be raised by implication, but must affirmatively appear, and *all doubts are resolved in favor of taxing authority and against the claimant.* Simply stated, the burden of proof is on the claimant to clearly show that it comes within the statutory exemption. (Emphasis added)

See also *Lamb County Appraisal District v. South Plains Hospital-Clinic, Inc.*, 688 S.W.2d 896, 903 (Tex.App.—Amarillo 1985, no writ); *Board of Appraisal Review for Travis County Appraisal District v. Protestant Episcopal Church Council of Diocese of Texas*, 676 S.W.2d 616, 619 (Tex. App.—Austin 1984, writ dism'd); *Bullock v. CRA, Inc.*, 603 S.W.2d 303, 304 (Tex.Civ. App.—Beaumont 1980), *rev'd in part on other grounds*, 615 S.W.2d 175 (Tex.1981); *Osborne v. Boys Harbor, Inc.*, 462 S.W.2d 419, 420 (Tex.Civ.App.—Houston [1st Dist.] 1970, no writ); *David Graham Hall Foundation v. Highland Park Independent School District*, 371 S.W.2d 762, 764 (Tex. Civ.App.—Dallas 1963, writ ref'd n.r.e.); *Kirby Lumber Corporation v. Hardin Independent School District*, 351 S.W.2d 310, 312 (Tex.Civ.App.—Waco 1961, writ ref'd n.r.e.).

■ Applying the Supreme Court's language in *Bullock*, it does not "affirmatively appear" from the facts that Pecan Valley is entitled to an exemption under Section 11.18 of the Texas Property Tax Code, and "all doubts," if any, are to be resolved against Pecan Valley. Pertinent to the case at bar, Section 11.18 states:

> (c) To qualify as a charitable organization for the purposes of this section, an organization ... must:
>
> (1) be organized exclusively to *perform* ... charitable ... purposes and ... engage exclusively in *performing* one or more of the following charitable functions.... (Emphasis added)

Pecan Valley was neither organized exclusively to "perform" a charitable purpose, nor has Pecan Valley engaged exclusively in "performing" a charitable purpose listed in Section 11.18. Pecan Valley's Articles of Incorporation specifically state that the

"primary purpose is to *assist* Pecan Valley Mental Health-Mental Retardation Region in carrying out *its purposes* ...." Read narrowly and resolving all doubts against Pecan Valley, as we must, Section 11.18 does not exempt from taxation an organization which merely "assists" a charitable organization in carrying out its charitable "purposes." Although Pecan Valley has a charitable intent, i.e., supplying facilities to a charitable organization, Pecan Valley's primary function and method of operation is purchasing and leasing land and buildings. A corporation, however, "cannot be brought within an exemption statute merely because it is connected, through ownership or otherwise," with an organization exempted from taxation. See *Silco, Inc. v. Calvert*, 482 S.W.2d 56, 58 (Tex.Civ.App.—Austin 1972, writ ref'd n.r.e.); *Bullock v. CRA, Inc.*, 603 S.W.2d 303, 304 (Tex.Civ. App.—Beaumont 1980), *rev'd in part on other grounds*, 615 S.W.2d 175 (Tex.1981).

We hold that Pecan Valley has failed to meet the requirements of Section 11.18.

■ We also agree with the Appraisal District and Board in their contention that Pecan Valley was not entitled to an exemption from ad valorem taxation under TEX. CONST. art. XI, sec. 9. Such Article provides:

> The property of counties, cities and towns, owned and held only for public purposes, such as public buildings and the sites therefor, fire engines and the furniture thereof, and all property used, or intended for extinguishing fires, public grounds and all other property devoted exclusively to the use and benefit of the public shall be exempt from forced sale and from taxation, provided, nothing herein shall prevent the enforcement of the vendors lien, the mechanics or builders lien, or other liens now existing.

Pecan Valley urges that *Lower Colorado River Authority v. Chemical Bank & Trust Co.*, 144 Tex. 326, 190 S.W.2d 48 (Tex.1945), supports its contention that it is exempt from taxation under this Constitutional provision.

The facts in *Lower Colorado River Authority* are substantially different from the facts in the instant case. In *Lower Colorado River Authority*, the tax-exemption claimant, although not a county, city, or town, was created by the legislature and declared by the legislative enactment to be a governmental agency "with the powers of government." In the instant case, the undisputed facts reveal that Pecan Valley is a nonprofit corporation created by private individuals. Pecan Valley is not connected, in any way, with a county, city, town, state, or any other political subdivision or sovereignty. Pecan Valley's only connection with a governmental agency is its leasing arrangements with the Region. Such leasing arrangements do not make Pecan Valley a governmental entity or agency. The evidence conclusively establishes that Pecan Valley is a private, nonprofit, Texas corporation. It is, therefore, not entitled to an exemption under Article XI, Section 9. See *Leander Independent School District v. Cedar Park Water Supply Corporation*, 479 S.W.2d 908 (Tex. 1972); *City of Beaumont v. Fertitta*, 415 S.W.2d 902, 908–09 (Tex.1967); *Texas Turnpike Company v. Dallas County*, 153 Tex. 474, 271 S.W.2d 400, 402–03 (1954); *Lower Colorado River Authority v. Chemical Bank & Trust Co.*, supra at 50–52.

Moreover, with regard to Pecan Valley's claim that it is devoted exclusively to the use and benefit of the public and is fulfilling only a public purpose, the Texas Supreme Court in *Satterlee v. Gulf Coast Waste Disposal Authority*, 576 S.W.2d 773, 779 (Tex.1978), stated:

> Apart, then, from the matter of reconsidering the holding in *Lower Colorado River Authority*, that the thrust of Article XI, Sec. 9 of the Constitution reaches beyond, "counties, cities and towns" to any governmental agency, it is sufficient for our purposes here that, for the reasons stated in our original opinion, the property in question is not held *only* for public purposes and is not devoted *exclusively* to the use and benefit of the public.

In the instant case Pecan Valley merely leases property to the Region. It does not hold its property only for public purposes nor is the property devoted exclusively to the use and benefit of the public. Pecan Valley, therefore, fails to meet the exemption from taxation as provided by TEX. CONST. art. XI, sec. 9. *Leander Independent School District v. Cedar Park Water Supply Corporation*, 479 S.W.2d 908 (Tex. 1972); *State v. Houston Lighting & Power Company*, 609 S.W.2d 263 (Tex.Civ.App.— Corpus Christi 1980, no writ).

■ Our holding on this point of error makes it unnecessary to consider the other points of error. That portion of the trial court's judgment exempting Pecan Valley from ad valorem taxation for the years 1982, 1983, 1984, and all subsequent years is reversed, and judgment is rendered that Pecan Valley Facilities, Inc., is not entitled to the claimed exemption. That portion of the trial court's judgment which ordered the Stephenville Independent School District, the County of Erath, and the City of Stephenville, Texas, to refund all taxes paid by Pecan Valley for the years 1982, 1983, and 1984, is affirmed since said parties defaulted in the trial court and failed to perfect an appeal.

The judgment of the trial court is reversed and rendered in part, and it is affirmed in part.