**Affirmed and Opinion Filed March 5, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

---

### No. 05-12-01046-CV

---

### JIMMY CHARLES JOHNSON, Appellant
### V.
### DALLAS COUNTY, ET AL, Appellees

---

### On Appeal from the 68th Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. TX-10-31998-C

---

## MEMORANDUM OPINION

Before Justices Moseley, Bridges, and Evans
Opinion by Justice Bridges

Appellant Jimmy Charles Johnson, appearing pro se, appeals from the trial court's judgment, ordering the recovery of delinquent property taxes and unpaid municipal liens by appellees Dallas County, City of Dallas, Dallas Independent School District, Dallas County Community College District, Dallas County School Equalization Fund and Parkland Hospital District (collectively referred to as the "Taxing Units"). The trial court further authorized the sale of the property at issue, which is located in Dallas, Dallas County, in order to satisfy the underlying judgment.

The Taxing Units brought the underlying lawsuit against appellant and Sally Marie Johnson. Appellant was served with process and filed an answer and appeared. Sally was served with process but did not answer and defaulted. In his affidavit filed with the court, appellant conceding owing the delinquent property taxes sought by the Taxing Units.

Following a bench trial at which neither appellant nor Sally appeared,[1] the trial court considered the certified evidence presented by the Taxing Units and entered judgment in their favor. This appeal ensued.

**Analysis**

We construe pro se briefs liberally; however, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978). In his brief, appellant challenges the trial court's judgment, arguing: (1) the evidence does not support the trial court's judgment; (2) the trial court was negligent in not acting on a motion to modify or vacate the judgment; (3) the trial court was negligent in not issuing a temporary restraining order or injunction to "city court order to destroy property in district court control," and (4) there has been a "land grab conspiracy" between the City of Dallas and the law firm representing Dallas County.

*1. Sufficiency of the Evidence*

Appellant first argues the evidence did not support the trial court's judgment, because he intended to pay the unpaid property taxes and delinquent municipal liens. He further contends that, because he authorized payment of the amounts owed, the judgment is void and unenforceable. We disagree.

In a no evidence point, we consider only the evidence and inferences tending to support the finding, and disregard all evidence and inferences to the contrary. *Davis v. City of San Antonio*, 752 S.W.2d 518, 522 (Tex. 1988). If there is any evidence of probative force to support the finding, we must overrule the point and uphold the finding. *Id.* In a factual sufficiency

---

[1] Appellant was incarcerated at the time of trial. The record reflects he was aware of the lawsuit and filed an affidavit and a motion for continuance, indicating he owed $9,417.45 to appellees and intended to establish an account in order to issue checks to them "for settlement of suit."

challenge, we consider and weigh all of the evidence. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986). We set aside a finding only if the evidence is so weak or the finding so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. *Id.* We may not substitute our opinion for that of the trier of fact. *Wynne v. Winn*, No. 01-96-00557-CV, 1998 WL 23342, at *5 (Tex. App.—Houston [1st Dist.] Jan. 15, 1998 pet. denied) (citing *Davis*, 752 S.W.2d at 522).

Here, the Taxing Units presented their evidence by way of certified governmental records with an accompanying affidavit. No live witnesses were called. Section 33.47(a) of the tax code provides, in pertinent part, as follows:

> (a) In a suit to collect a delinquent tax, the taxing unit's current tax roll and delinquent tax roll or certified copies of the entries showing the property and the amount of the tax and penalties imposed and interest accrued *constitute prima facie evidence* that each person charged with a duty relating to the imposition of the tax has complied with all requirements of law and that the amount of tax alleged to be delinquent against the property and the amount of penalties and interest due on that tax as listed are the correct amount.

TEX. TAX CODE ANN. § 33.47(a) (emphasis added). Therefore, once the Taxing Units introduced certified copies of the delinquent tax record, they established their prima facie case as to every material fact necessary to establish their cause of action. *See Phifer v. Nacogdoches County Cent. Appraisal Dist.*, 45 S.W.3d 159, 174 (Tex. App.—Tyler 2000, pet. denied).

The record before us includes an affidavit by Chris Burns, Litigation Manager for the Dallas County Tax Office. Attached to his affidavit are copies of appellant's 2012 delinquent tax statement detail issued by the Dallas County Tax Assessor/Collector and Land Based Receivable Statements issued by the City of Dallas for work completed on: (1) March 16, 2011; (2) October 20, 2008; (3) December 26, 2006; (4) March 20, 2006; (5) December 18, 2007; (6) April 30, 2007; (7) January 16, 2007; (8) November 22, 2006; (9) March 22, 2010; and (10) July 18, 2011.

Burns certified the attached documents were "accurate as to the amount of taxes due and owing to the [Taxing Units] on the property made the subject of this action."

After the Taxing Units made their prima facie case by introducing the official tax records, appellant had the burden to go forward with his defensive evidence. *Escamilla v. City of Laredo*, 9 S.W.3d 416, 421 (Tex. App.--San Antonio 1999, pet. denied) (citing *David Graham Hall Found. v. Highland Park Indep. Sch. Dist.*, 371 S.W.2d 762, 764 (Tex. Civ. App.—Dallas 1963, writ ref'd n.r.e.)). However, the record reflects appellant was not present at trial and did not present any rebuttal evidence. Rather, as we have already noted, appellant admitted to owing the Taxing Units in the affidavit he filed with the trial court.

Therefore, we conclude the evidence presented by the Taxing Units was sufficient to support the judgment. *See* TEX. TAX CODE ANN. § 33.47(a); *Phifer*, 45 S.W.3d at 174. We overrule appellant's first issue.

### 2. Motion to Modify or Vacate Judgment

Appellant next contends the trial court was negligent in not acting on a motion to modify or vacate the judgment filed by him after the issuance of judgment on March 8, 2012. The record reflects appellant timely filed his motion to modify or vacate the judgment on March 29, 2012. The trial court has plenary power to vacate the judgment within thirty days after the judgment is signed. TEX. R. CIV. P. 329b(d). However, there is nothing in the record to indicate appellant attempted to set the motion for hearing. Furthermore, a motion to modify the judgment is overruled by operation of law seventy-five days after the judgment is signed. TEX. R. CIV. P. 329b(c). We, therefore, overrule appellant second issue.

### 3. Temporary Restraining Order/Injunction

In his third issue, we interpret appellant's argument to be that the trial court was negligent in not issuing a temporary restraining order or injunction to prevent the Taxing Units from

–4–

destroying property within their control. The record includes a petition for temporary restraining order/injunction filed by appellant on July 2, 2012. The judgment was signed on March 8, 2012. Therefore, the trial court's plenary power had already expired by the time appellant filed his petition for temporary restraining order/injunction. *See* TEX. R. CIV. P. 329b(d). Rule 33.1(a) requires an appellant to timely raise an objection in the trial court as a prerequisite to raising error on appeal. *See* TEX. R. APP. P. 33.1(a). Accordingly, we overrule appellant's third issue.

### 4. *"Land Grab Conspiracy"*

In his final issue, appellant argues there has been a "land grab conspiracy" between the City of Dallas and the law firm representing Dallas County. However, the record does not show appellant asserted this argument to the trial court; thus, he did not preserve it for appeal. *See* TEX. R. APP. P. 33.1(a). We overrule appellant's fourth issue.

### Conclusion

Having overruled appellant's four issues, we affirm the judgment of the trial court.

121046F.P05

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JIMMY CHARLES JOHNSON, Appellant

No. 05-12-01046-CV         V.

DALLAS COUNTY, ET AL, Appellees

On Appeal from the 68th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. TX-10-31998-C.
Opinion delivered by Justice Bridges.
Justices Moseley and Evans participating.


In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees DALLAS COUNTY, ET AL recover their costs of this appeal from appellant JIMMY CHARLES JOHNSON.


Judgment entered this 5th day of March, 2014.


/David L. Bridges/
DAVID L. BRIDGES
JUSTICE